**Rodolfo VELASQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71964.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard R. Davis, Davis Miller & Neumeister, Van Nuys, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert J. Branman, U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Rodolfo Velasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. Reviewing legal conclusions de novo and factual findings for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005), we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review Velasquez's contention that he is eligible for asylum and withholding of removal based on a theory of hazardous political neutrality because Velasquez failed to raise that argument before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

■ Velasquez also contends he was threatened and attacked by guerrillas on account of a political opinion they imputed to him based on his refusal to join them. We agree with the agency's conclusion that the record contains no evidence that the guerrillas imputed any political opinion to Velasquez or that they were motivated, even in part, by any imputed political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38

---

(1992). Accordingly, Velasquez has failed to establish eligibility for asylum or withholding of removal. *See Ochoa,* 406 F.3d at 1171–72.

Because Velasquez has not presented arguments specific to his CAT claim, we decline to consider that claim. *Cf. Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**